SUMMARY ORDER
Halil Dacaj, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying his applications for asylum and withholding of removal. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA affirms the IJ without opinion, this Court reviews the IJ’s decision directly. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ’s legal conclusions de novo. Zhang Jian Xie v. INS, 434 F.3d 136, 139 (2d Cir.2006). However, in reviewing issues of fact, including credibility, this Court defers to the IJ’s findings if they are supported by substantial evidence. Id. (citing Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004)); see 8 U.S.C. § 1252(b)(4)(B).
Eligibility for asylum and withholding of removal does not extend to any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i). Because the evidence in this case indicated that Dacaj was a persecutor, he had the burden of proving by a preponderance of the evidence that he was not. See Zhang Jian Xie, 434 F.3d at 139 (quoting 8 C.F.R. § 208.13(c)). Substantial evidence supports the IJ’s conclusion that Decaj did not meet this burden, given that he made self-incriminating statements during his asylum interview, and frequently contradicted himself at his removal hearing about the nature and degree of his participation in the Kosovo Liberation Army’s (“KLA”) punishment of suspected Serb collaborators. The asylum officer testified at the hearing and presented detailed notes of the interview, initialed by Dacaj, and thus provided sufficient evidence for the IJ to find that Dacaj did, in fact, interrogate, beat, and deliver prisoners to his command for further punishment.
*187 This conduct was sufficient to invoke the persecutor bar. See id. at 141-42. Although his role was relatively minor, and the time he spent with the KLA was relatively brief, the language of the statutory bar is broad encompassing those who “assisted or otherwise participated in ... persecution.” 8 U.S.C. § 1158(b) (2) (A) (i). The relevant inquiry focuses not on the alien’s volition or the extent of his participation, but on the nature of his conduct as a whole. See Zhang Jian Xie, 434 F.3d at 142 (citing Fedorenko v. United States, 449 U.S. 490, 512 n. 34, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981)). Conduct amounts to “assistance in persecution” if it is active and has direct consequences for the victims, but not if it is “tangential to the acts of oppression and passive in nature.” Id. at 143. Decaj’s conduct was sufficient to constitute assistance in persecution.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other outstanding motions are DENIED as moot.